# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Case No.: 1:26-cv-03585**

JESSICA WYNN, individually and on behalf of all similarly situated persons,

       Plaintiff(s),

v.

GOBRANDS, INC. d/b/a GOPUFF,

       Defendant(s).

---

## NOTICE OF REMOVAL OF DEFENDANT GOBRANDS, INC. D/B/A GOPUFF

---

**TO:   THE UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to the 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and the Class Action Fairness Act ("CAFA") Defendant GB Licensing, erroneously named as Gobrands, Inc. d/b/a GoPuff ("GoPuff"), by and through its undersigned counsel, hereby removes this action—with reservation of all defenses and rights— which was originally filed in the District Court of Denver County, Colorado, to the United States District Court for the District of Colorado.

GoPuff sets forth below "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). GoPuff will provide evidence to support contested allegations of this pleading as required in response to any challenge to this Court's jurisdiction.[1]

In support of removal, GoPuff states as follows.

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 547 U.S. 81, 87 (2014).

## I.    BACKGROUND

1.    On June 26, 2026, Plaintiff Jessica Wynn ("Wynn") commenced an action against GoPuff by filing a Complaint in the District Court of Denver County, Colorado, captioned *Jessica Wynn v. Gobrands, Inc. d/b/a GoPuff*, Docket No. 2026CV32349.  The Complaint asserts that GoPuff violated Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*. by failing to pay Wynn all wages due under Colorado law.  A copy of the Complaint is attached as **Exhibit 1**.  Wynn purports to bring this action on behalf of herself and a putative class of "all individuals who performed delivery driver work for defendant in Colorado at any time from three years before the filing of this complaint through the date of final judgment."  **Exhibit 1, ¶** 21.  The Complaint alleges the number of putative class members "is so numerous that joinder of all Class Members is impracticable."  **Exhibit 1, ¶** 22a.

2.    This Action was originally filed in the Colorado District Court for the City and of Denver on June 26, 2026.  Venue properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 84(d), 1391, and 1441(a).

3.    Wynn purported to effectuate service of the Complaint on GoPuff on July 10, 2026.  A copy of the summons and service of process receipt are attached as **Exhibit 2.**

## II.    THIS COURT HAS JURISDICTION PURSUANT TO 28 U.S.C. 1332(a)

4.    The Court has jurisdiction based on diversity under 28 U.S.C. § 1332(a). A federal court has diversity jurisdiction over an action if two requirements are met: (1) there is complete diversity of citizenship between the plaintiff and the defendant and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a). As shown below, each of these requirements is met here.

### A.  Complete Diversity Exists between Wynn and GoPuff

5.      Wynn alleges GoPuff "is a Delaware corporation with its principal place of business in Pennsylvania."  **Exhibit 1, ¶** 2.  Accordingly, GoPuff is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business ….").

6.      Wynn alleges that she is "an individual and a resident of the State of Colorado." **Exhibit 1**, ¶ 1.  For diversity purposes, Wynn is a citizen of the State of Colorado.  In addition, the putative class is defined as "all individuals who performed delivery driver work for defendant in Colorado at any time from three years before the filing of this complaint through the date of final judgment."  **Exhibit 1**, ¶ 21.

7.      Accordingly, complete diversity of citizenship exists between Wynn and GoPuff. *See* 28 U.S.C. § 1332(a)(1).

### B.  Wynn's Claims Exceed More Than $75,000 in Controversy

8.      The aggregate amount of Wynn's claimed damages exceeds $75,000.  "In determining the matter in controversy, [the court] may look to the object sought to be accomplished by the plaintiffs' complaint; the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).

9.      Courts should apply the same liberal rules to removal as they do to other matters of pleading.  *Dart Cherokee*, 574 U.S. at 87.  When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.  *Id*.  Furthermore, a defendant's notice of removal need only

include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

10.     The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover [but] [r]ather is an estimate of the amount that will be put at issue in the course of litigation." *Id* at 956. Once a defendant establishes contested facts that support the requisite amount in controversy, a defendant "is entitled to remain in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

11.     On behalf of herself and the class, Wynn seeks all unpaid wages, minimum wages, and overtime under various provisions of the CRS statute. **Exhibit 1**, ¶ 28. Wynn alleges her employment ended on or about May 2025. **Exhibit 1**, ¶ 19. Assuming minimum wage, if Wynn were to prevail on her claims, she could be entitled to lost earnings of at least $30,000 from her termination through the filing of her complaint.

12.     Wynn also alleges she is entitled to compensatory damages, including damages for emotional distress, and penalties. **Exhibit 1**, ¶ 28. Removing defendants may raise evidence of jury verdicts in other similar cases in order to show the potential amount of a plaintiff's potential emotional distress damages, with respect to amount in controversy calculations. *Longacre v. AC&S, Inc.*, No. CV 02-784 JP/DJS, 2002 WL 35649639, at *3 (D.N.M. Nov. 22, 2002). Plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See e.g.*, *Perkins v. Fed. Fruit & Produce Co.*, No. 11-CV-542 JAP-KLM, 2013 WL 2112230, at *1 (D. Colo. May 14, 2013) (upholding $70,000 total damages award in compensatory damages for emotional distress); *Fresquez v. BNSF Ry. Co.*, 421 F. Supp. 3d 1099, 1102 (D. Colo. 2019), *aff'd,* 52 F.4th

1280 (10th Cir. 2022), and *aff'd,* 52 F.4th 1280 (10th Cir. 2022) (jury awarded $800,000 in compensatory damages for emotional distress).  For purposes of jurisdiction, the question simply is how much in emotional distress damages has this Plaintiff placed in controversy.  As a result, at a minimum Plaintiff's potential emotional distress award meets or exceeds $25,000.

13.     Wynn seeks attorneys' fees and costs pursuant to the CRS.  *See* **Exhibit 1**, Prayer for Relief ¶ 3.  It is well-established that "when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998).  Upon information and belief, Wynn is likely to incur more than $75,000 in attorneys' fees and costs in litigating this action.  Even assuming a rate of "$250 per hour," Wynn's counsel would only have to bill 301 hours to exceed the statutory minimum, and it is reasonable to assume Wynn's counsel has billed and/or will bill over 300 hours as part of the investigation and litigation of this matter. *Hinsley v. CreditBox.com, LLC*, 550 F. Supp. 3d 993, 996-97 (D.N.M. 2021) ("226 hours" "could be a 'reasonable estimate'" of hours for assessing amount in controversy).

14.     Here, adding together all of Plaintiff's potential damages for lost wages, emotional distress, and potential attorneys' fees, the amount in controversy easily exceeds $75,000, exclusive of interests and costs.

## III.    THIS COURT ALSO HAS JURISDICTION PURSUANT TO CAFA

15.     This Court also has jurisdiction pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441, and 1453, because (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class, and GoPuff, on the other, are citizens of different states; and (3) the Complaint places in controversy

an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Wynn and the proposed class, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

16.     A notice of removal "need not contain evidentiary submissions."  *Dart Cherokee*, 574 U.S. at 84.  GoPuff must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied, *Dart Cherokee*, 574 U.S. at 89.  Thus, while GoPuff denies any and all liability as to Wynn's claims and denies that this matter should proceed at all, let alone as a class action, each of CAFA's jurisdictional requirements is satisfied here.

### C.  The Putative Class Exceeds 100 Members

17.     A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

18.     Wynn's Complaint meets this definition.  Wynn sues on behalf of herself and a proposed class of "all individuals who performed delivery driver work for defendant in Colorado at any time from three years before the filing of this complaint through the date of final judgment." **Exhibit 1**, ¶ 21.

19.     CAFA requires that the proposed class consist of at least 100 persons.  *See* 28 U.S.C. § 1332(d)(5)(B).

20.     Here, the Complaint alleges that the class is "so numerous that joinder of all Class Members is impracticable." **Exhibit 1**, ¶ 22a.  For removal purposes, GoPuff asserts that during the proposed class period, over 100 drivers operated in Colorado, so there would be more than 100 employees alleged by Wynn to make up the putative class she seeks to represent.

21.     Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

### D.  There is Minimal Diversity

22.     To establish federal jurisdiction under CAFA, a defendant must show only minimal diversity, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).  Removal therefore is proper where even one proposed class representative or class member is a citizen of a state different from a defendant's state of citizenship.  *See Dart Cherokee*, 574 U.S. at 84-85 (noting that the parties must be "minimally diverse" to warrant removal under CAFA).

23.     As provided above, Wynn is a citizen of Colorado, and GoPuff is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.  **Exhibit 1, ¶¶** 1-2.

24.     Thus, diversity exists between GoPuff and at least one member of the putative class, including the named plaintiff, Wynn.  Accordingly, CAFA's minimal diversity requirement is satisfied.

### E.  The Amount in Controversy Exceeds $5 Million

25.     Under CAFA, federal district courts "shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2)

26.     The amount in controversy is determined by aggregating the value of the claims of each putative class member based on the allegations in the operative complaint.  *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [Wynn's] proposed class and determine whether the resulting sum exceeds $5 million.").  Where a complaint does not state a dollar amount, the defendant's notice of removal

under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

27.     For removal purposes, there are over 100 GoPuff drivers operating in Colorado.

28.     Assuming for purposes of CAFA removal only, however, as alleged in the Complaint, that GoPuff could be deemed an "employer" of Wynn and all other GoPuff drivers in Colorado, assuming a class action could be certified (which GoPuff, denies), and assuming that Wynn and the individuals in the putative class would be entitled to any recovery at all the allegations in the Complaint, together with a review of publicly available information, indicate that the amount in controversy would exceed $5 million, exclusive of interest and costs.

29.     This is based on: (i) the number of GoPuff drivers in Colorado; (ii) the estimated number of GoPuff drivers working during the statutory period who are within the scope of Wynn's putative class, as alleged; (iii) the estimated overtime pay available to the putative class members, collectively, under Colorado law; (iv) the Colorado minimum wage; (v) the relevant statutory period; and (vi) the fact that, among other relief requested, Wynn seeks penalties for the violations she alleges, along with attorneys' fees and litigation costs.

30.     Assuming the foregoing, for purposes of CAFA removal only, the amount in controversy for the statutory period would exceed $5 million, exclusive of interest and costs.

31.     Because the potential amount in controversy exceeds $5 million, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2) has been satisfied.

**IV.     GOPUFF COMPLIED WITH REMOVAL STATUTE**

32.     The Notice of Removal was properly filed in this judicial district because the District Court, Denver County, Colorado, is located in this district. *See* 28 U.S.C. § 1441(a); *id.* § 85.

33.     The Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

34.     Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the Complaint (**Exhibit 1**) and all process, pleadings, and summons served upon GoPuff (**Exhibit 2**). A copy of the District Court of Denver County docket sheet is attached as **Exhibit 3**.  GoPuff is not aware of any pending motions filed under Colorado procedural rules in state court.  GoPuff has not filed an answer or other response to the Complaint in state court prior to removal.  GoPuff is not aware of any pending motions filed under Colorado procedural rules in state court.

35.     The Notice of Removal is filed within 30 days of service of the Complaint on GoPuff, and therefore this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).  *See* Fed. R. Civ. P. 6(a)(1)(C).

36.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Wynn, and a copy, along with a Notice of Filing of the Notice of Removal, is today being filed with the Clerk of the District Court of Denver County, Colorado.

37.     GoPuff reserves the right to amend or supplement this Notice of Removal.  GoPuff further reserves all rights and defenses, including those available under the Federal Rules of Civil Procedure and any other applicable rules, statutes, or case law.

38.     The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court."  Fed. R. Civ. P. 81(c)(1).  Because GoPuff has not answered or responded to Wynn's Complaint before removal, its answer or response is required to be filed "7 days after [the] notice of removal is filed." *Id.* 81(c)(2).

## V.    CONCLUSION

GoPuff respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the District Court, Denver County, Colorado.  GoPuff further requests such other relief as the Court deems appropriate.

WHEREFORE, Defendant respectfully gives notice that the above-captioned civil action pending in the Colorado District Court, City and County of Denver, is removed to this Court.

Dated:  August 7, 2026

BUCHANAN INGERSOLL & ROONEY

s/ Jason E. Murtagh
Jason E. Murtagh
Mary R. Hackett
Sara M. Zeimer
One America Plaza
600 W. Broadway, Suite 1100
San Diego, CA 92101
Tel No: 619-239-8700
Fax No: 619-702-3898
Email:  jason.murtagh@bipc.com
        mary.hackett@bipc.com
        sara.zeimer@bipc.com

MILLER RIGGS

s/ Burkeley N. Riggs
Burkeley N. Riggs
James R. Miller, Jr.,
Miller Riggs
730 17th St., Suite 340
Denver, CO 80202
Telephone: (720) 935-7746
burkeleynriggs@millerriggs.com

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2026, a true and correct copy of the above was filed with the Clerk of Court using the CM/ECF and copies of the same were served upon all parties via email.

Brian D. Gonzales, Atty. Reg. # 29775
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Alexander Hood, Atty Reg. # 42775
HOOD LAW OFFICE, PLLC
1312 17th Street # 1028
Denver, CO 80202
Telephone: (720) 381-4142
Alex@HoodLawPLLC.com

*s/ Jason E. Murtagh*
Jason E. Murtagh

11